# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 91-CR-2019-LRR |
| vs. | **ORDER** |
| STEVEN EUGENE JELINEK, | |
| Defendant. | |

The matter before the court is the defendant's motion to correct clerical error in the judgment (docket no. 260). The defendant filed such motion on October 10, 2014. The judgment does not include a clerical error. The judgment reflects that the court imposed a life sentence on count two of the second superseding indictment, that is, the count that charged the defendant with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. It also reflects that the court provisionally imposed a life sentence on count one of the second superseding indictment, that is, the count that charged the defendant with conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841. With respect to the provisional life sentence that the court imposed on the lesser included offense, the court clarified that: (1) the provisional sentence on count one would only take effect if the sentence imposed on count two was reversed or dismissed on appeal; (2) the provisional sentence associated with count one would have no effect if the Eighth Circuit Court of Appeals affirmed the life sentence imposed on count two; and (3) count one would be dismissed if the Eighth Circuit Court of Appeals affirmed the life sentence imposed on count two. The Eighth Circuit Court of Appeals affirmed the life sentence imposed on count two, *see United States v. Jelinek*, 57 F.3d 655 (8th Cir. 1995), and,

consistent with the judgment that entered against the defendant and the Eighth Circuit Court of Appeal's directive as to count one, the court entered an order that vacated the conviction and sentence associated with count one and/or dismissed count one. Despite acknowledging that the court took appropriate steps after the Eighth Circuit Court of Appeals affirmed the conviction and sentence on count two, the defendant insists that an amended judgment is necessary. The court disagrees, especially considering that (1) the judgment and Eighth Circuit Court of Appeals' opinion create an adequate record and (2) the records of the Federal Bureau of Prisons correctly indicate that the defendant is only serving a sentence with respect to his conviction on count two. Accordingly, the defendant's motion to correct clerical error in the judgment (docket no. 260) is denied.

**IT IS SO ORDERED**.

**DATED** this 14th day of October, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA